UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

FREDIANDO CONTRERAS, )
)
    Petitioner, )   Civil Action No. 12-12-HRW
)
v. )
)
J. C. HOLLAND, )   **MEMORANDUM OPINION**
)   **AND ORDER**
    Respondent. )

\*\*\* \*\*\* \*\*\* \*\*\*

Frediando Contreras is a prisoner incarcerated at the Federal Correctional Institution in Ashland, Kentucky. Contreras, proceeding without an attorney, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [R. 1] Having reviewed the petition[1], the Court will deny relief because Contreras may not pursue his claims in a Section 2241 petition.

On July 2, 2007, Contreras pleaded guilty to conspiracy to possess with intent

---

[1] The Court conducts a preliminary review of habeas corpus petitions. 28 U.S.C. § 2243; *Harper v. Thoms*, No. 02-5520, 2002 WL 31388736, at \*1 (6th Cir. Oct. 22, 2002). Because the petitioner is not represented by an attorney, the petition is reviewed under a more lenient standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage the Court accepts the petitioner's factual allegations as true and his legal claims are liberally construed in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). Once that review is complete, the Court may deny the petition if it concludes that it fails to establish grounds for relief, or otherwise it may make such disposition as law and justice require. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

to distribute heroine, marijuana, and cocaine in violation of 21 U.S.C. § 841(a)(1), 841(b)(1)(a), and 846. On October 5, 2007, his trial counsel filed objections to the conclusion in the presentence report that Contreras should receive a four level enhancement pursuant to U.S.S.G. § 3B1.1(a) for being a leader or organizer of the criminal enterprise. On December 14, 2007, following a hearing after which the court overruled those objections and applied the enhancement, the court sentenced Contreras at the low end of the guideline range to a 210-month term of incarceration to be followed by a five year term of supervised release. *United States v. Contreras*, No. 3:06-cr-30083-MJR-3 (S.D. Ill. 2006).

On direct appeal, Contreras's new counsel stated that she was not able to identify any nonfrivolous issues for appeal pursuant to *Anders v. California*, 386 U.S. 738 (1967), but asked the Seventh Circuit to review whether Contreras's sentence was properly enhanced as a leader or organizer or was otherwise unreasonable. The Seventh Circuit affirmed his conviction and sentence on December 4, 2008, concluding that his challenge to the district court's holding that he lead the enterprise was frivolous because he had received the lion's share of the proceeds from the drug sales; made the decisions over the transport of the drugs; recruited other participants into the conspiracy; and was responsible for paying the other participants their share from the drug deliveries. *Contreras v. United States*, No. 04-4014, 2008 WL 5099678 (7th Cir. 2008).

On December 17, 2009, Contreras filed a motion to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255, arguing for the third time that the district court committed clear error when it applied the enhancement for being a leader or organizer, and that his attorney's assistance was ineffective for his failure to adequately object to the enhancement. On December 3, 2010, the court denied the motion, concluding that Contreras's trial counsel "vigorously pursued" this challenge. The Court further found that counsel's withdrawal of the objection that the conspiracy did not involve five or more people was objectively reasonable because government witnesses were readily available to testify that additional participants were involved and because further pursuit of the objection would endanger the credit Contreras had received for acceptance of responsibility. *Contreras v. United States*, No. 3:09-cv-1048-MJR (S.D. Ill. 2009). On June 23, 2011, the Seventh Circuit denied Contreras's motion for a certificate of appealability. *Contreras v. United States*, No. 11-1034 (7th Cir. 2011).

In his petition, Contreras again argues that his sentence was improperly enhanced and that his counsel was constitutionally deficient for failing to properly challenge the enhancement. [R. 1-1 at 7-11]

The Court will deny the petition because Contreras may not assert these claims in a habeas corpus petition under section 2241. A federal prisoner must challenge the legality of his conviction or sentence by filing a post-conviction motion under 28

U.S.C. § 2255 with the trial court. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003). A federal prisoner may file a habeas corpus petition under Section 2241 only to challenge a decision by prison officials which affects the manner in which his sentence is being carried out, such as the computation of sentence credits or parole eligibility. *United States v. Jalili*, 925 F.2d 889, 894 (6th Cir. 1999).

Section 2255(e) provides a narrow exception to this rule, and permits a prisoner to challenge the legality of his conviction through a Section 2241 petition, where his or her remedy under Section 2255 "is inadequate or ineffective" to test the legality of his detention. The only circumstance where a prisoner may take advantage of this provision is where, after his or her conviction has become final, the Supreme Court re-interprets the terms of the statute petitioner was convicted of violating in such a way that petitioner's actions did not violate the statute. *Martin v. Perez*, 319 F.3d 799, 804 (6th Cir. 2003) ("A prisoner who can show that an intervening change in the law establishes his actual innocence can invoke the savings clause of § 2255 and proceed under § 2241."); *Lott v. Davis*, 2004 WL 1447645, *2 (6th Cir. 2004) (unpublished disposition). This exception does not apply where the prisoner failed to seize an earlier opportunity to correct a fundamental defect in his conviction under pre-existing law, or where he did assert his claim in a prior post-conviction motion under Section 2255 and was denied relief. *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999); *United States v. Prevatte*, 300 F.3d 792, 800 (7th Cir. 2002).

All of Contreras's claims are predicated upon events which transpired during his trial or on direct appeal. They are thus matters which could and should have been, and in this case repeatedly were, asserted during his trial, direct appeal, or by motion under Section 2255. *Pointdexter v. Nash*, 333 F.3d 372, 378 (2d Cir. 2003) (habeas relief under Section 2241 is not available where "for example, a prior motion under § 2255 has been made and a successive motion under that section is disallowed by the court of appeals under the gatekeeping provisions of 28 U.S.C. §§ 2244 and 2255.") Because these claims, even if meritorious, did not convict Contreras of conduct "that the law does not make criminal" in light of a Supreme Court decision handed down after his direct appeal or first collateral attack on his conviction, they are not cognizable in a habeas corpus proceeding under Section 2241. *Townsend v. Davis*, 83 F. App'x 728 (6th Cir. 2003) ("The only claim that this court has recognized as cognizable under § 2241 is a claim of actual innocence based upon a new rule of law made retroactive by a Supreme Court case, such as the claim raised in the case of *Bailey v. United States*, 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995).").

Each of Contreras's claims fails to satisfy the requirements for application of the narrow exception provided by 28 U.S.C. § 2255(e). *See Mans v. Young*, 36 F. App'x 766, 767-68 (6th Cir. 2002) (ineffective assistance of counsel claim may not be pursued under Section 2241's savings clause where petitioner failed to establish any intervening change in the law and had prior opportunity to pursue claim in prior

Case: 0:12-cv-00012-HRW   Doc #: 4   Filed: 02/27/12   Page: 6 of 6 - Page ID#: 33

Section 2255 motion); *Graham v. Sanders*, 77 F. App'x 799, 801 (6th Cir. 2003) (challenge to sufficiency of evidence to support conspiracy conviction could be raised on appeal and under Section 2255, rendering relief under Section 2241 unavailable); *Posival v. Driver*, 207 F. App'x 365, 366 (5th Cir. 2006) (claims challenging sufficiency of sentencing enhancement and ineffective assistance of appellate counsel should be raised in a Section 2255 motion, and may not be pursued under the savings clause). Contreras's petition must therefore be denied.

Accordingly, **IT IS ORDERED** that:

1. Contreras's petition for a writ of habeas corpus [R. 1] is **DENIED**.

2. The Court will enter an appropriate judgment.

This 27th day of February, 2012.



Signed By:
Henry R. Wilhoit, Jr.
United States District Judge